**John Martin SMITH, Plaintiff,**

v.

**NEDERLANDSCHE STOOMVAART MIJ. "OCEAAN" N.V., Defendant.**

**Civ. A. No. 65–H–209.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 25, 1965.

Landis & Gregory, Buddy W. Gregory, Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates, William C. Bullard, Houston, Tex., for defendant.

Memorandum:

INGRAHAM, District Judge.

On March 5, 1965, the plaintiff, John Martin Smith, filed suit in the District Court of Harris County, Texas, 61st Judicial District. Plaintiff sought a money judgment for an alleged tort committed by defendant corporation while plaintiff was unloading defendant's ship in Houston, Texas. On April 2, 1965, defendant removed to this court, showing the requisite amount in controversy and diversity of citizenship.

■ Defendant entered a special appearance before this court to contest the jurisdiction of the Texas court. Because the case is here on diversity of citizenship, defendant's motion to dismiss for want of jurisdiction must be granted if the Texas court did not have jurisdiction.

· The basis of defendant's motion to dismiss is that process has not been properly served on the corporation. Defendant is a Dutch shipping corporation which neither maintains an office in Texas nor has appointed an agent to receive process there. Plaintiff served process on the Strachan Shipping Company and Alfred Holt Shipping Co., Inc., whom plaintiff avers are used by defendant as general agents for various of its ships at the time of port-of-call. It is not denied that at the time of the alleged tort, the Strachan and Holt companies were agents for defendant's ship while it was unloading in Houston. The question is whether this service was valid and gave the Texas court jurisdiction.

Service of process upon foreign corporations is governed by Article 2031b of Vernon's Annotated Texas Statutes. Under Sections 1 and 3, a foreign corporation is presumed conclusively under certain circumstances to have designated the Texas Secretary of State as its agent to receive process. Only under Section 2 can a foreign corporation be served through an agent who is carrying on business but not designated to receive process. Section 2 requires that the agent be in the foreign corporation's service at the time process is served. Plaintiff relies on the fact that Strachan and Holt were defendant's agents at the time of the alleged tort. This fact is irrelevant to the operation of the statute and does not validate the service of process. Agency at the time of the tort is not equivalent to agency at the time of service.

■ Service can be had upon defendant through the Strachan Shipping Company and Alfred Holt Shipping Co., Inc. *only if* they were the defendant's agents *at the time of service of process*. Article 2031b, Vernon's Annotated Texas Statutes. Unless plaintiff shows this court within twenty (20) days that Strachan and/or Holt were defendant's agents *at the time of service of process* or some other basis of the validity of the service of process, defendant's motion to dismiss for want of jurisdiction will be granted.

The clerk will notify counsel.